OPINION.
{¶ 1} This case stems from a foreclosure action brought by National City Bank against Rhonda L. Gumm and Timothy M. McCord ("the buyers"), following the buyers' default on a promissory note secured by a mortgage. The foreclosure complaint also named the property sellers, Michael L. Hines and Charles P. Hines, as defendants. The sellers filed an answer and a cross-claim against the buyers for defaulting on a separate promissory note secured by another mortgage on the same property. A dispute then arose between the bank and the sellers over the priority of the mortgages.
 {¶ 2} Following a hearing, a magistrate of the common pleas court held that the sellers' mortgage interest would be given priority over that of the bank. But the trial court rejected the decision of the magistrate and held that the sellers' mortgage interest was subordinate to that of the bank. The sellers now appeal.
 {¶ 3} The record demonstrates that in May 2000 the buyers and sellers executed a contract to purchase the property in question for $85,000. An addendum to the contract read, in part, "Buyers [and] sellers agree to reduce the purchase price to $73,000. The real estate commission shall be reduced accordingly and the buyers shall pay to the sellers the sum of $30.00 which represents the difference in transfer tax. The sellers shall pay to the buyers the sum of $12,000 which represents the difference between $85,000 and $73,000. Further, sellers agree to loan buyers the sum of $36,500 immediately following closing and the buyers shall sign a note and mortgage for said amount, amortized over 30 years [at eight percent] interest."
 {¶ 4} On June 6, 2000, the buyers, the sellers, and a closing agent attended the closing. At the closing, the buyers executed a promissory note in favor of National City in the amount of $68,000 and executed a mortgage in favor of National City to secure the loan. The sellers signed deeds conveying the property to the buyers. The following day,[1] the buyers executed a promissory note in favor of the sellers in the amount of $36,500 and a mortgage in favor of the sellers to secure the note.
 {¶ 5} On June 12, 2000, the sellers recorded their mortgage. On June 19, 2000, a title company recorded the deeds and National City's mortgage.
 {¶ 6} Following the buyers' default, National City filed its foreclosure action in May 2001. On March 13, 2002, a judgment and decree of foreclosure were entered in the bank's favor.
 {¶ 7} In early 2003, the magistrate held a hearing to determine the priority of the liens on the property. The magistrate issued a decision indicating that the sellers had a first mortgage lien on the property in the amount of $12,000,[2] and that National City had a second mortgage lien in the amount of $68,000. The magistrate ordered that, upon the sale of the property, any proceeds that remained following the payment of the liens would be applied to any remaining balance on the $36,500 note given by the buyers to the sellers.
 {¶ 8} The trial court sustained National City's objections to the magistrate's decision and determined that the bank had the first mortgage lien on the property. On appeal, the sellers now argue that the trial court erred in holding that their lien was subordinate to that of National City, because R.C. 5301.23
dictates that the first mortgage recorded has priority over subsequently recorded mortgages.
 {¶ 9} In our review of the trial court's decision, we are guided by the principle that judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed on appeal as being against the manifest weight of the evidence.[3] National City argues that when a court is charged with determining the priority of mortgages, the court should look to the facts and circumstances of each case and should not rely on the fact that one mortgage has been recorded before another. We reject that argument. Under R.C. 5301.23, a mortgage is effective from the day it is delivered to the county recorder for recording.[4] The statute sets forth the general rule that "the first [mortgage] recorded shall have preference" over subsequently recorded mortgages.[5] The Ohio Supreme Court has relied on the statute to hold that "a mortgage does not take effect against third parties until it is recorded."[6]
 {¶ 10} In State Sav. Bank v. Gunther,[7] the buyer gave what was apparently a second mortgage on property to the sellers and obtained a loan on the remaining value of the property from a bank. Following the bank's foreclosure action, the trial court granted summary judgment in favor of the sellers, holding that the sellers' mortgage had priority because the sellers had recorded it before the bank had recorded its mortgage. The court of appeals affirmed, holding that the bank had failed to present evidence demonstrating a genuine issue of fact to justify its delay in the recording of its mortgage.
 {¶ 11} In this case, even though National City's mortgage had been executed before the seller's mortgage was executed, the bank did not record its mortgage until seven days after the sellers had recorded their mortgage. Therefore, the bank's mortgage did not take effect until seven days after the sellers' mortgage had become effective. As a result, the bank's mortgage was subordinate to that of the sellers' earlier recorded mortgage.
 {¶ 12} National City also argues that it had no notice that the buyers would execute a second mortgage on the property. But the addendum to the purchase contract clearly stated that the buyers would execute a mortgage in the amount of $36,500 in favor of the sellers. Despite this notice, National City failed to protect its interest. The mortgage executed by the buyers in favor of the bank did not state that the bank was required to be the first mortgage lienholder as a result of its loan. Nor did the bank require that the mortgage executed in favor of the sellers include a subordination clause to indicate that its priority was waived in favor of the bank's mortgage.[8]
 {¶ 13} Following our review of the record, we conclude that the trial court's judgment that National City's mortgage had priority over that of the sellers was not supported by competent, credible evidence going to all the essential elements of the case.[9] We hold instead that the magistrate correctly determined that the sellers' mortgage had priority over that of the bank, because the sellers had recorded their mortgage before the bank recorded its mortgage.
 {¶ 14} While the magistrate's decision reflected that the sellers' first mortgage lien was in the amount of $12,000, the record demonstrates that the promissory note executed by the buyers in favor of the sellers and secured by the mortgage was in the amount of $36,500. The $12,000 given to the buyers by the sellers, as reflected by the addendum to the purchase contract, was not secured by a mortgage.
 {¶ 15} Therefore, we sustain the assignment of error, reverse the judgment of the trial court, and remand this case for the entry of judgment in favor of the sellers as holders of a first mortgage lien on the property in the amount of $36,500, such lien having priority over a second mortgage lien held by National City in the amount of $68,000.
Judgment reversed and cause remanded.
Doan and Sundermann, JJ., concur.
[1] While the trial court's findings of fact indicated that the date of the transaction was June 6, 2000, all parties agree, and the evidence demonstrated, that the correct date was June 7, 2000.
[2] The magistrate incorrectly found that the sellers' mortgage lien was in the amount of $12,000. The record reflects that the accompanying promissory note by the buyers was in the amount of $36,500.
[3] See C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
[4] See R.C. 5301.23; Lantis v. Papner (1983),9 Ohio App.3d 306, 459 N.E.2d 1325.
[5] R.C. 5301.23.
[6] Wayne Bldg. Loan Co. v. Yarborough (1967),11 Ohio St.2d 195, 207, 228 N.E.2d 841.
[7] (1998), 127 Ohio App.3d 338, 713 N.E.2d 7.
[8] See R.C. 5301.35.
[9] See C.E. Morris Co., supra.